IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 455 Massachusetts Ave., N.W., Sixth Floor Washington, D.C. 20001<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE 950 Pennsylvania Ave., N.W. Washington, D.C. 20530-0001<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the Federal Bureau of Investigation ("FBI"), a component of defendant U.S. Department of Justice ("DOJ"), to disclose to CREW communications between any FBI agents or employees and James Kallstrom from October 1, 2015 to the present.

2. This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to search for and provide CREW with all responsive documents, and injunctive relief ordering the defendant DOJ and its component FBI to process and release to CREW immediately the requested records in their entirety.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. The FBI is a component within DOJ. DOJ is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

### Factual Background

6. In October 2015, during a *60 Minutes* interview, President Obama stated that then-Secretary of State Hillary Clinton's emails did not pose a national security issue. Following this interview, the *New York Times* reported that the president's statement

angered FBI agents involved in the investigation of Secretary Clinton's use of a private email server.

7. James Kallstrom is a former FBI assistant director-in-charge whose views have been sought by reporters on the FBI's investigation. After the *New York Times* report, Mr. Kallstrom told Megyn Kelly of *Fox News* that he had discussed the FBI's investigation with FBI agents and that, according to Mr. Kallstrom, some of the agents, supervisors, and the senior FBI staff were "P.O.'d" because of President Obama's statement.

8. On July 5, 2016, FBI Director James B. Comey announced that the FBI had recommended to DOJ that no charges were appropriate as to Secretary Clinton's use of a personal email system. According to Mr. Kallstrom, following that decision FBI agents contacted him to discuss the investigation. Mr. Kallstrom stated publicly he had talked to "about 15 different agents" on the day of Director Comey's announcement, and he described those agents as "basically worried about the reputation of the agency they love."

9. On September 28, 2016, Mr. Kallstrom again stated publicly he had spoken to at least a few current FBI agents involved in the investigation of Secretary Clinton's use of a private email server. According to Mr. Kallstrom, these agents "feel like they've been stabbed in the back."

10. By letter dated November 22, 2016, and delivered by email CREW requested under the FOIA all communications between any agents or employees of the FBI and James Kallstrom from October 2, 2015 to the present.

11. CREW's request explained the public interest in the requested records given that any unauthorized disclosure of information about an FBI investigation would violate both the Privacy Act, 5 U.S.C. § 552a(b), and the Hatch Act, 5 U.S.C. § 7323(a)(1). The requested records would shed light on whether FBI agents and employees violated federal law by disclosing investigatory information to Mr. Kallstrom.

12. On December 1, 2016, the FBI acknowledged receipt of CREW's request through a form letter. The FBI characterized the requested records as concerning one or more third parties, and stated the FBI recognizes a privacy interest in the requested information that can be overcome only by consent from the third parties; proof of death, if applicable; or a clear demonstration that the public interest in disclosure outweighs the privacy interests. The FBI did not address the public interest set forth in CREW's request, but stated instead:

> In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).

13. By letter dated December 22, 2016, CREW appealed the FBI's refusal to process and release to CREW all records responsive to its request. CREW explained the FBI improperly relied on a *Glomar* denial – its refusal to confirm or deny the existence of any responsive records – because Mr. Kallstrom already had publicly acknowledged FBI agents had communicated with him about the FBI's investigation and Director Comey's decision. Nor did the FBI explain why it could not acknowledge the existence of responsive records.

14. Further, CREW challenged the FBI's categorical reliance on FOIA Exemptions 6 and 7(C), given the substantial public interest in disclosure of information that would shed light on whether FBI agents and employees violated federal law by communicating with Mr. Kallstrom about the investigation. CREW also explained that Exemption 7(C) does not apply here because the requested records were not compiled for law enforcement purposes, but instead were records of communications with an individual unrelated to the investigation.

15. As an additional basis for its administrative appeal, CREW explained how the balance of interests tips in favor of disclosure. CREW's request is based on far more than a "bare suspicion" of impropriety; Mr. Kallstrom has acknowledged publicly multiple conversations he had with FBI agents and employees about a pending investigation and Director Comey's decision. Given his own public statements, Mr. Kallstrom has no legitimate expectation of privacy in the requested documents. With respect to any privacy interests of other third parties, not only did the FBI fail to engage in the required balancing test, but it failed to disclose non-exempt portions of the requested documents.

16. By letter dated February 28, 2017, DOJ's Office of Information Policy ("OIP") notified CREW it was denying CREW's appeal. With no supporting analysis, OIP affirmed all of the FBI's initial conclusions. OIP stated summarily the FBI properly refused to confirm or deny the existence of responsive records, stating without explanation: "it is reasonably foreseeable that confirming or denying the existence of such records would harm the interests protected by this exemption."

17. With the conclusion of this appeal CREW has now exhausted all applicable

administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct Adequate Search)

18. Plaintiff repeats and re-alleges paragraphs 1-17.

19. Plaintiff properly asked for records within the custody and control of DOJ and its component the FBI.

20. Defendant DOJ and its component the FBI refused to conduct a search for responsive records, relying instead on the unsupported assertion that the FBI could neither confirm nor deny the existence of any responsive records.

21. By failing to conduct a search for responsive records, defendant violated the FOIA.

22. Plaintiff therefore is entitled to injunctive and declaratory relief requiring defendant to promptly conduct an adequate search for all responsive records.

### CLAIM TWO
### (Wrongful Withholding of Non-Exempt Records)

23. Plaintiff repeats and re-alleges paragraphs 1-21.

24. Plaintiff properly asked for records within the custody and control of DOJ and its component the FBI.

25. Defendant DOJ and its component the FBI wrongfully withheld all responsive documents based on the false and unsupportable claim that it could not, and did not have to, even acknowledge that responsive records exist.

26. Defendant DOJ and its component the FBI wrongfully withheld all responsive documents pursuant to FOIA Exemptions 6 and 7(C) without conducting the

required balancing of the public interest in disclosure against any privacy interests implicated by the requested records.

27. Defendant DOJ and its component the FBI wrongfully withheld all responsive documents pursuant to FOIA Exemption 7(C) because the requested records were not compiled for any law enforcement purpose.

28. Therefore, by failing to release the records plaintiff specifically requested defendant violated the FOIA.

29. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the prompt processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant DOJ and its component the FBI to fully and promptly process plaintiff's November 22, 2016 FOIA request and disclose all responsive documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to prompt processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

                                                            Respectfully submitted,

_/s/ Anne L. Weismann_
Anne L. Weismann
(D.C. Bar No. 298190)
Stuart C. McPhail
(D.C. Bar No. 1032529)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
     in Washington
455 Massachusetts Ave., N.W., Sixth Floor
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: March 16, 2017

*Attorneys for Plaintiff*